45,324-07

IN THE CRIMINAL COURT OF APPEALS

P.O, BOX 12308, CAPITOL STATION

AUSTIN, TEXAS 78711

OLIN RAY NOWLIN

TDCJ-ID# 824386

APPLICANT/PRO SE

RECEIVED IN
COURT OF CRIMINAL APPEALS

DEC 3 1 2014

Abel Acosta, Clerk

VS.

THE STATE OF TEXAS

RESPONDANT

MOTION FOR OBJECTIONS

TO THE STATE REPLY

(A)

IN THE COURT OF CRIMINAL APPEALS

MOTION DENIED
DATE: 1-9-15
BY: PC

P,O, BOX 1203 CAPITOL STATION

AUSTIN, TEXAS 78711

OLIN RAY NOWLIN          § C-2-010347-0628183-E

APPLICANT/PRO SE         §

VS,                      §

                         §

THE STATE OF TEXAS       §

RESPONDANT

A MOTION FOR OBJECTIONS

TO THE STATE REPLY

TO THE HONORABLE JUDGE OF COURT OF CRIMINAL APPEALS

NOW COME SAID APPLICANT OLIN RAY NOWLIN/PRO SE IN THE ABOVE
SYLED NUMBERED C-2-010347-0628183-E AND REPECTFULLY SUBMITS
HIS MOTION OF OBJECTION TO THE STATE REPLY. APPLICANT FILES
WITHOUT AN ATTORNEY ON RECORD AND WILL REPECTFULLY       SHOW
THE COURT OF CRIMINAL APPEALS THE FOLLOWING REASON:

(1)

THE APPLICANT CLAIMS THAT HE FILED A MOTION FOR A SUBPONA
DUCES TECUM THE STATE WITNESS PURSUANT TO TEXAS CODE OF CRI-
MINAL PROCEDURE  ARTILE 24.02, THE CRIMINAL DISTRICT COURT,
NO. #2 REFUSE TO PRODUCE THE STATE WITNESS ARE ANY EVIDENCE
OF THE SUBPONA DUCES TECUM OF THE UNSUBPONA STATE WITNESS &
WAS NOT ADJUDICATED ON THE MERITS ARE ANY RULING OF THE TRIAL
COURT THE APPLICANT SAK THE CRIMINAL DISTRICT COURT NO.  #2
FOR IDENTITY OF THE UNSUBPONA WITNESS THE APPLICANT REQUEST-
ED FOR DOCUMENTATIONS SUCH AS 1) BIRTH CERTFICATE: AND 2)
AFFIDAVIT  UNDER OATH OF SIGNATURE: AND 3) DRIVE LICENSE OR   A
TEXAS ID CORD OF SIGNATURE:

(1)

THE STATE STATES THAT THE CASE IN BRIEF/PROCEDURAL HISTORY :
--THAT THE NEWLY DISCOVERD" DOCUMENTS THAT THE DOCUMENTS FI-
LED WITH THE TARRANT COUNTY DISTRICT CLERK'S OFFICE AS PART ,
OF THE APPLICANT'S 1998 TRIAL RECORD, AND ARE NOT "NEW" EVID-
ENCE APPLICATION-EXHIBITS A&B.

THE BLACKS LAW DICTIONARY THIRD POCKET EDITION STATES THAT
[NEWLY DISCOVERED EVIDENCE, EVIDENCE EXISTING AT THE TIME
OF A MOTION OR TRIAL BUT THEN UNKNOWN TO A PARTY, WHO,UPON
LATER DISCOVERING IT, MAY ASSERT AS GROUNDS FOR NEWLY DISCOV-
ERED EVIDENCE FOR GROUNDS FOR A NEW TRIAL. HERE APPLICANT
WAS NOT AWARE OF THIS EVIDENCE UNTIL YEARS LATER AND THEREFO-
RE IT IS NEWLY DISCOVERED EVIDENCE,

THE APPLICANT CLAIMS THAT NO MATTER HOW MENY APPLICATIONS ,
FOR FEDERAL CALLATERAL RELIEF A PIRSONER HAS MADE IF DIFFERENT
GROUNDS IS PRESENTED BY NEW APPLICATION OR NEW GROUND WAS NOT
ADJUDICATED ON THE MERITS CONSIDERATION OF MERITS OF A NWW ,
APPLICATION CAN BE AVOIDED ONLY IF THERE HAS BEEN ABUSE OF THE
WRIT OR MOTION REMENDY AND THIS THE GOVERNMENT HAS THE BURDEN
OF PLEADIND. THE DOCUMENT (b) IS NOT PART OF THE RECORDS BECA-
USE IT WAS NOT ADJUDICATED ON THE MERITS AND WAS NOT RULE² ON
IN THE TRIAL COURT BEFORE THE JURY

(2)

GROUND FOR RELIEF:
THE APPLICANT CONTENDS THAT:
(1). HE WAS DENIED DUES PROCESS BECAUSE THE JURY WAS PERMITTE
ED SEPARATE:

APPLICANT OBJECT:
NOT TRUE. THE AGREEMENT ALLOWING THE JURY TO SPEARATE WAS NOT
BASE ON THE SEPARATEION OF DUE PROCESS BUT BASED ON NOT GIV-
EN THE APPLICANT ANY NOTICE OF THE (b) SEE APPLICANT SUCCE-
SSIVE PETITION ON [ARGUEMENT OF VIOLATION OF CONSTITUTIONAL ,
OF ERRORS AND DOCUMENTATIONS OF PROOF]

(2)

(2). THE STATE STATES THAT THE APPLICANT THAT HE WAS DENIED EF-
FECTIVE ASSISTANCE OF TRIAL COUNSEL BECAUSE HIS ATTORNEY,
DID NOT OBJECT TO THE LACK NOTICE OF THE STATE'S WITNESS

APPLICANT OBJECT: NOT TRUE
BUT APPLICANT CLAIMS THAT COUNSEL WAS INEFFECTIVE ASSISTANCE
ANCE OF COUNSEL BY NOT OBJECTING TO THE STATES EVIDENCE THAT
WAS NOT ALLOW PURSUANT TO TEXAS RULES APPELANT PROCEDURE RULE
30 (b) (7)

(3). THE STATE STATES THAT THE APPLICANT THAT HE WAS DE-
NIED DUE PROCESS BECAUSE THE GRAND JURY DID NOT FULLY INVE-
STIGATION HIS CASE:

APPLICANT OBJECT: NOT TURE
THE APPLICANT CLAIMS THAT ATHE GRAND JURY DID ITS INVESTI-
GATION AND FOUND NO EVIDENCE OF THIS STATE WITNESS AS IN EXHIBIT
(b)

(4). THE STATE STATES THAT THE APPLICANT THAT HE WAS DENIED ,
HIS RIGHT TO CONFRONTATION:

APPLICANT DOES NOT OBJECT:
APPLICANT CLAIMS THAT HE HAS A RIGHT TO FACE HIS ACCUSERS AND
TO SEE IF THEY ARE REAL BY NOT SUBPONA DUCES TECUM THE WITNESS
THAT WAS NOT ADJUDICATED ON THE MERITS ARE HAD ANY RULING OF
THE TRIAL COURT THAT HAS NOT BEEN BEFORE THE JURY IS A VIOLA-
TION OF THE APPLICANT TEXAS AND FEDERAL COUNSTITUTIONALS A-
MENDMENTS RIGHTS 6th/5th/14th.

ARGEMENT
THE APPLICANT ARGUES THAT THE TEXAS RULES APPELLANT PROCEDURE
RULE 30 (b) (7) FORBIDES FOR UNSUBPONA STATE WITNESSES TO BE
HEARED IN THE JURY DELIBERATION OF ITE RETIREING TO THE DELIB-
ERATING OF THE JURY . WHICH CONTRIBUTED TO THE JURY VERDICT

(3)

PURSUNT TO TEXAS RULES APPELLATE PROCREURE RULE 44.2 WHICH CAUSE THE JURY TO DECIDED THE APPLICANT SENTENCE IN AN IN-APPORPRIATE MANNER . THE REAL ISSUES IN THE APPLICANT OF HIS CASE WAS THE UNSUBPONA WITNESS IN VIOLATION OF HIS CONSTITU-TIONAL RIGHTS OF THE 6th/5th/14th AMENDMENTS OF THE CONFRONTAT-ION CLUASE OF TEXAS RULES APPLELLATE PROCEDURE RULE 30 (b) (7) OF THE UNSUBPONA STATE WITNESS FORBIDING TO BE HEARD.IN THE JURY DELIBERATION : THE APPLICANT HAD NOT PROTECTION AGA-INSE THE UNSUBPONA WITNESS;

## CONCLUSION

THE APPLICANT IN HIS CONCLUSION THAT THE EVIDENCE OF NEWLY , DISCOVERED AND IT IS NOT PART OF THE 1998 TRIAL THE TRANSC-RIPT OF THE APPLICANT TRIAL DOES NOT SHOW THE UNSUBPONA WIT-NESS EVER APPEAR AT TRIAL BEFORE THE JURY THEREFORE CANNOT BE PART OF OF THE TRASCRIPT RECORDSS EVER THOSE THE CLERK DOCUM-ENT IT THIS IS ERROR ON THE STATE PART. THIS IS UNFAIR TRIAL, PURSUANT TO TITLE 28 U.S.C. 2254 (b) (1) SEE APPLICANT SUCCES-SIVE PETITION ,

## PRAYER

THE APPLICANT PRAYERS THAT THIS COURT OF CRIMINAL APPEALS WILL UPHOLD THE APPLICANT TEXAS AND FEDERAL CONSTITUTIONAL AMENDNENTS , THAT WAS VIOLATED OF THE UNSUBPONA STATE WITNESS THAT THE APPLICANT NEVER HAD THE OPPORTUNITY TO FACE HIS ACCUSER AT ANY TRIAL OF THE COURTS THE APPLICANT IF NOT A NEW TRIAL TO FACE HIS ACCUSER THEN THE APPLICANT PRAYS THAT THE COURT OF CRIMINAL APPEALS WILL GRANT THE APPLICANT A JUDGMENT OF ACUITTAL FROM THE FALSE INFORMATION OF THE UNSUBPONA WITNESS THAT WAS LET INTO THE JURY DELIBERATION THAT HAS NOT BEEN , THE JURY TRIAL
THE APPLICANT THANKS THE JUDGE OR JUDGES FOR YOUR HELP IN THIS CENCERN MATTER: THANK YOU

(4)

RESPECTFULL SUBMITTED

OLIN RAY NOWLIN
TDCJ-IN NO. #824386
MARK STILE UNIT
3060 FM 3514
BEAUMONT, TEXAS 77705

_Olin Ray Nowlin_
OLIN RAY NOWLIN
APPLICANT/PRO SE

CERTIFICATE OF SERVICE

THE UNSIGNED HEREBY CERTIFIES THAT A TRUE AND CERRECT COPY
OF THE FORGOING WAS MAILED TO THE CLERK OF THIS COURT      TO
PASS COPIES TO THOSE THAT ARE CONCERN  UNDER 1 2 (12) F.R.C.C
.  AND INMATE MAKE ONLY ONE COPY OF HIS WRIT AND REQUEST THAT
THE CLERK OF THIS COURT TO MAKE COPIES FO HIM DUE TO BEING IN
NDIGENT  AND UNABLE TO MAKE COPIES:

SIGNED ON THIS  22 DAY OF DECEBER 2014
SIGNATURE _Olin Ray Nowlin_ 2014